| | |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VERMEULEN,<br><br>     Petitioner,<br><br>  v.<br><br>NEIL McDOWELL,<br><br>     Respondent. | Case No. CV 15-470 SVW(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

  Although the Court overrules all of petitioner's Objections, it specifically addresses petitioner's incorrect contention that "harmless error does not apply in

this case" because his confession assertedly was involuntary. (Objections at 6). Notwithstanding the referenced language from Miranda v. Arizona, 384 U.S. 436, 464 n.33 (1966) (Objections at 6), the United States Supreme Court subsequently determined in Arizona v. Fulminante, 499 U.S. 279 (1991), that the admission of an involuntary confession is in fact subject to harmless error analysis. See Fulminante, 499 U.S. at 285, 295 ("a majority of this Court finds that such a [coerced] confession is subject to a harmless-error analysis"; "five justices have determined that harmless-error analysis applies to coerced confessions");[1] see also Collazo v. Estelle, 940 F.2d 411 (9th Cir. 1991) (en banc) (recognizing that in Fulminante, Supreme Court held that harmless error analysis applies to coerced confessions), cert. denied, 502 U.S. 1031 (1992); Henry v. Kernan, 197 F.3d 1021, 1029-30 (9th Cir. 1999) (in context of federal habeas review of state prisoner's challenge to admission of involuntary statements, harmless error test is whether error had substantial and injurious effect or influence in determining the jury's verdict) (citing, inter alia, Fulminante, 499 U.S. at 295 and Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)), cert. denied, 528 U.S. 1198 (2000).

This Court recognizes that it must conduct a harmless error analysis of the statements in issue with an awareness that a confession is like no other evidence, and that a full confession may have a profound impact on the trier of fact. See Fulminante, 499 U.S. at 296. Having done so and for the reasons explained in detail in the Report and Recommendation, the Court is satisfied that the admission of the statements in issue did not have a substantial and injurious effect or

---

[1] Indeed, four justices in Fulminante expressly noted that "the majority today abandons what until now the Court has regarded as the axiomatic proposition" – upon which petitioner herein relies in his Objections – "that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction." 499 U.S. at 288 (internal quotations, brackets, and citations omitted).

influence in determining the jury's verdict, and accordingly, that petitioner is not entitled to federal habeas relief on such claim.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 1, 2017

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE